**E-FILED on**    7/9/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOUSTON CASUALTY COMPANY,<br><br>       Plaintiff,<br><br>v.<br><br>INTERNATIONAL GRAND TOURS, INC.;<br>NORMAN RONNIE HANSEN a/k/a<br>NORMAN RONNIE HANSEN, JR. a/k/a RON<br>HANSEN; and DOES 1 to 10,<br><br>       Defendants,<br><br>EDWARDSVILLE [Ill] COMMUNITY<br>SCHOOL DISTRICT NO. 7, on Its Own<br>Behalf and as Assignee for Katie Bachman, et<br>al.,<br><br>       Intervenors. | No. C-07-01188 RMW<br><br>ORDER CONTINUING BRIEFING<br>SCHEDULE AND HEARING RE: HCC'S<br>MOTION FOR SUMMARY JUDGMENT<br><br><br>**[Re Docket No. 53, 74, 77]** |

     Plaintiff Houston Casualty Company ("HCC") issued an insurance policy to defendant International Grand Tours, Inc ("IGT"). Since that time, IGT and its principal, Norman Ronnie Hansen, have been sued by numerous plaintiffs in multiple state courts for fraud, breach of contract, conversion and other causes of action for allegedly cancelling pre-paid tour packages. On February 28, 2007, HCC filed a complaint for declaratory relief seeking rescission of the IGT policy due to fraud, misrepresentation and concealment of material facts and an injunction preventing IGT and

ORDER CONTINUING BRIEFING SCHEDULE AND HEARING RE: HCC'S MOTION FOR SUMMARY JUDGMENT—No. C-07-01188 RMW
MAG

1  Hansen from prosecuting any proceeding against HCC regarding the policy.  On March 27, 2008,
2  HCC filed a motion for summary judgment on its claims against IGT and Hansen.  Defendants did
3  not oppose the motion, but the Edwardsville Community School District No. 7 and thirty-three
4  individuals from the Edwardsville High School Spanish Club who had been previously been granted
5  leave to intervene ("Intervenors") filed a last-minute motion to continue the hearing.

6        On May 5, 2008, the court issued an order granting a 30-day extension for briefing and
7  hearing plaintiff HCC's motion for summary judgment.  The extension was granted, without
8  opposition by HCC, in order to give Intervenors, who were in the process of changing counsel,
9  additional time to oppose HCC's motion and to prepare for trial.  The May 5 Order provided that
10 Intervenors were to file their opposition on or before June 13, 2008 and HCC was to file its reply on
11 or before June 20, 2008.  The hearing on HCC's motion for summary judgment was continued until
12 July 18, 2008.

13       Since that time, the parties have filed an array of oppositions, motions and counter motions.
14 On June 13, 2008, as ordered, Intervenors filed an opposition to HCC's motion for summary
15 judgment, asserting, among other things, that HCC is bound by a judgment Intervenors had obtained
16 against defendant IGT in Santa Clara Superior Court.  *See* Docket No. 57.  Along with their
17 opposition, however, Intervenors filed a declaration indicating that they intended to seek a
18 continuance under Rule 56(f).  *See* Decl. Eric Hartman Supp. Opp'n Mot. Summ. J. ¶ 6, Docket No.
19 58 ("Pursuant to FRCP 56(f) based upon review of the evidence and filed documents to date, the
20 Plaintiff In Intervention request [sic] the Court to continue the hearing to allow additional discovery
21 or "issue" any under just order [FRCP 56(f)] [sic] this to be done by a subsequently filed Declaration
22 to Continue the Hearing Date to conduct discovery and to correct any procedural problems and
23 submit affidavits if necessary.").

24       As ordered, HCC filed its reply on June 20, 2008.  *See* Docket No. 60.   The reply points out
25 numerous procedural deficiencies in the opposition, including that Intervenors had failed to submit
26 declarations raising disputed issues of material fact.  HCC's reply materials also included an
27 opposition to the Intervenors' Rule 56(f) request.
28

ORDER CONTINUING BRIEFING SCHEDULE AND HEARING RE: HCC'S MOTION FOR SUMMARY JUDGMENT—No. C-07-01188 RMW
MAG                                                                          2

*United States District Court*
*For the Northern District of California*

On June 26, 2008, Intervenors submitted a Request for Judicial Notice asking that the court take judicial notice of the judgment Intervenors obtained against IGT in Santa Clara Superior Court; an affidavit, appendix and exhibits in support of their opposition to HCC's motion for summary judgment; and objections to the evidence submitted by HCC in support of its motion. A day later, on June 27, 2008, Intervenors filed Supplemental Opposition to HCC's motion for summary judgment. *See* Docket No. 67.

On the same day, Intervenors filed a motion for leave to file a first amended complaint in intervention, noticing the motion for July 18, 2008, the same day as the HCC motion for summary judgment. *See* Docket No. 71. In light of the judgment they obtained against IGT in state court, they seek to bring a claim under Cal. Ins. Code § 11580 directly against HCC. Evidently, Intervenor's prior counsel had on May 1, 2008, filed a document that purported to be a motion for leave to file a first amended complaint, but that did not actually include a motion. *See* Docket No. 53. The court never acted on this filing because there was no motion.

On June 30, 2008, the barrage of filings continued. Intervenors filed a request for a Rule 56(f) continuance in the form of a "Declaration of Attorney Eric F. Hartman Re: Request For Denial or Continuance of International Grand Tours [sic] Motion for Summary Judgment or in Alternative Adjudication Under FRCP 56(f)." *See* Docket No. 71. In this declaration, Intervenors asked for a continuance because (1) as set forth in their amended complaint, Intervenors seek to proceed directly against HCC under § 11580; (2) Intervenors have been unable to take discovery regarding whether Hansen made a material representation on the application for the insurance policy and would like to take his deposition to that end; and (3) HCC raised the issue of Intervenors' standing to bring this action for the first time on reply.[1] On the same day, HCC moved to strike Intervenors' June 27, 2008 Supplemental Opposition. *See* Docket No. 73.

Intervenors apparently realized that their motion for leave to amend the complaint was not noticed in compliance with the Local Rules because they failed to give the required 35 days' notice.

---

[1] This is understandable since the motion for summary judgment was directed toward the defendants and not toward Intervenors. However, Intervenors have not had an opportunity to present their position on their standing.

ORDER CONTINUING BRIEFING SCHEDULE AND HEARING RE: HCC'S MOTION FOR SUMMARY JUDGMENT—No. C-07-01188 RMW
MAG                                                                 3

Accordingly, on July 1, 2008, they filed a motion to shorten time to have the motion to amend heard on the same day as HCC's motion for summary judgment. *See* Docket No. 74. This was promptly followed by a motion by HCC to strike the motion to shorten time. *See* Docket No. 77.

After slogging through this morass of motions, the substantive issues before the court appear to be: (1) HCC's motion for summary judgment as to its claims against defendants; (2) Intervenors' motion for leave to file a first amended complaint to add a direct claim against HCC under § 11580; and (3) a request by Intervenors for a continuance under Rule 56(f) in order to take the deposition of Hansen. It also appears, HCC's motion to strike the motion to shorten time notwithstanding, that the parties are amenable to continuing all the currently calendared motions to August 22, 2008.

Although the parties have not clearly presented their positions in the numerous papers the court has reviewed, the court believes it understands the parties' concerns. Because the parties are available and willing to appear on August 22, 2008, the court sets a hearing on Intervenors' motion to amend their complaint in intervention for that date (Docket No. 68). While the court does know on what basis HCC will oppose the amendment adding a direct claim under § 11580, this will give HCC the opportunity to so and will permit Intervenors to reply. HCC's opposition is due by August 1, 2008; Intervenors' reply is due by August 8, 2008.

Amending a complaint would ordinarily moot a motion for summary judgment noticed on the prior operative complaint, but because HCC's motion for summary judgment is directed toward HCC's claims against defendants IGT and Hansen, any amendment to the complaint in intervention should not raise any additional issues to be addressed with regard to HCC's outstanding motion for summary judgment. The court will thus also continue HCC's motion for summary judgment until August 22, 2008.

Because it appears that doing so may supply facts essential to justify Intervenors' opposition, the court will permit Intervenors to depose Hansen within the next two weeks pursuant to Rule 56(f), if such a deposition can be arranged. Additionally, because HCC raised the issue of Intervenors' standing for the first time in its reply brief, the court will permit the following additional briefing: (1) following Hansen's deposition but in no event later than August 1, 2008, Intervenors may file a renewed opposition and supporting evidence that consolidates all of the arguments presented in their

ORDER CONTINUING BRIEFING SCHEDULE AND HEARING RE: HCC'S MOTION FOR SUMMARY JUDGMENT—No. C-07-01188 RMW
MAG                                  4

opposition and supplemental opposition, presents any new evidence obtained from Hansen, and addresses HCC's arguments regarding Intervenors' standing; (2) seven days thereafter, but in no event later than August 8, 2008, HCC shall submit a supplemental reply addressing in full Intervenors' renewed opposition.  In order to minimize confusion about which filings are at issue, the court will strike all previously filed oppositions, requests for judicial notice, affidavits, exhibits and objections filed by Intervenors.   Thus, to the extent necessary, the renewed filings should include the arguments and materials from Intervenors' prior filings regarding HCC's motion for summary judgment.

### III.  ORDER

As set forth above the court:

1. Grants Intervenors' Rule 56(f) request and continues the hearing on HCC's motion for summary judgment to August 22, 2008 at 9:00 a.m. and permits Intervenors to take the deposition of Hansen within two weeks of this order, if such a deposition can be arranged;

2. Strikes the following documents submitted in support of Intervenors' opposition to HCC's motion for summary judgment: 57, 58, 59, 62, 63, 64, 65, 66, 67, 71, 72;

3. Permits Intervenors to submit a renewed opposition to HCC's motion for summary judgment no later than August 1, 2008;

4. Permits HCC to submit a supplemental reply to Intervenors' opposition no later than August 8, 2008;

5. Denies Intervenors' motion to shorten time on the motion for leave to file a first amended complaint and sets the hearing date for Intervenors' motion for August 22, 2008.  The clerk will terminate the defective "Third Party Motion to Amend/Correct" at Docket No. 53.  As discussed above, this was never a properly noticed motion.

6. Denies HCC's motion to strike Intervenors' motion to strike as procedurally improper.  The proper response to such a motion is an opposition.

DATED:     7/9/08

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Louis Harrison Castoria     louis.castoria@wilsonelser.com
Sara J. Savage              sara.savage@wilsonelser.com

**Counsel for Defendants:**

No appearance

**Counsel for Intervenors:**

Eric F. Hartman            jhart75442@aol.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     7/9/08                          /s/ MAG
                                        **Chambers of Judge Whyte**

ORDER CONTINUING BRIEFING SCHEDULE AND HEARING RE: HCC'S MOTION FOR SUMMARY JUDGMENT—No. C-07-01188 RMW
MAG                                      6